UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

KEVIN DENNIS,
an individual,

        Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY
a corporation,

        Defendant.
_____/

# COMPLAINT

The Plaintiff, KEVIN DENNIS, ("Plaintiff" and/or "Mr. Dennis") by and through his undersigned attorneys, sues the Defendant, AETNA LIFE INSURANCE COMPANY, ("Defendant" and/or "AETNA"), and alleges as follows:

## Jurisdiction, Venue & Parties

1. This is a civil action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA").

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e).

3. Venue is proper pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), because an action may be brought in the district where the plan is

administered, where the breach took place, or where the defendant resides or may be found. Both the breach occurred and Defendant may be found in this judicial district.

4. At all times material hereto, Mr. Dennis has been a resident and citizen of the State of Florida, specifically, Port Charlotte, Florida.

5. At all times material hereto, AETNA, is a corporation with its principal place of business in the state of Connecticut, authorized to transact and transacting business in the Middle District of Florida and can be found in the Middle District of Florida.

6. At all times material hereto, Mr. Dennis was an employee of Spartan Education Group, LLC who is the Policyholder under the Plan.

7. At all times material hereto, Mr. Dennis was a participant, within the meaning of 29 U.S.C. §1002 (7), in the Plan delivered to Spartan Education Group, LLC by AETNA, which is insured and underwritten by AETNA.

8. At all times material hereto, Mr. Dennis paid 100% of his premium contribution under the Plan, which was deducted post-tax from his payroll income.

9. Prior to filing this present action, Mr. Dennis has fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

## General Allegations

10. As a participant in the Plan, Mr. Dennis is entitled to receive disability benefits under the Plan if he meets the definition(s) of disability.

11. Aetna asserted during the administrative process that the following Plan definitions apply:

> Test of Disability
>
> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any date that:
>
> -You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
>
> -Your earnings are 80% or less of your adjusted pre-disability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

Aetna also contends that the Plan states that a period of disability will end:

> The date you refused to be examined by or cooperate with an independent physician or a licensed and certified health care practitioner, as requested. Aetna has the right to examine and evaluate any person who is the basis of your claim **at any reasonable time** while your claim is pending or payable.

12. The Plan provides Mr. Dennis with monthly disability benefits minus Deductible Sources of Income, including Social Security Disability benefits.

13. Mr. Dennis' pre-disability occupation was as an Assistant Director of High School and Field Admissions.

14. In high school, Mr. Dennis suffered a concussion while playing football. He suffered headaches for several months and noticed memory impairments. His

3

condition appeared to resolve. Several years later, while working at Spartan Education Group, LLC, Mr. Dennis started to notice issues with his memory and concentration.

15. In or about January 2018, Mr. Dennis had complications from a colonoscopy and was hospitalized. On or about January 15, 2018, Mr. Dennis was released from the hospital and on his way home was in a head-on automobile collision, in which he struck his head on the windshield and lost consciousness.

16. Following his accident, Mr. Dennis had severe headaches, extreme back and hip pain, difficulty ambulating, dizziness, and cognitive impairments, including impairments in memory, difficulty maintaining concentration, confusion, disorientation, and fogginess. Given his injuries and symptoms, Mr. Dennis was on leave from work between January 15, 2018 and April 9, 2018.

17. On or about April 9, 2018, Mr. Dennis returned to work at Spartan Education Group. LLC but, continued to suffer from chronic back and hip pain, headaches, and cognitive impairments, which included disorientation and memory loss.

18. Mr. Dennis was subsequently diagnosed with progressive dementia, post concussion syndrome and spondylosis of the lumbar and cervical spine.

19. On or about July 23, 2018, Mr. Dennis became disabled from his occupation and any occupation due to progressive dementia, post concussion syndrome, spondylosis of the lumbar and cervical spine, hypertension, uncontrolled diabetes, and hyperlipidemia resulting in severe cognitive impairments, disorientation, dizziness, a loss of equilibrium, difficulty finding words and calculating numbers,

memory loss, confusion, mood swings, irritability, headaches, and chronic back, hip, neck, and head pain.

20. Mr. Dennis subsequently applied for long-term disability benefits under the Plan.

21. AETNA conducted an evaluation of Mr. Dennis' medical evidence and in or about September 2018, determined that Mr. Dennis was Totally Disabled under the terms of the Plan as he was unable to perform the material duties of his own sedentary occupation due to his progressive dementia, post-concussion syndrome, and spondylosis of the lumbar and cervical spine.

22. AETNA began paying Mr. Dennis Total Disability benefits under the Plan.

23. In or about June 2019, Mr. Dennis began receiving letters on The Hartford Life and Accident Insurance Company's letterhead regarding his AETNA disability insurance claim. A letter dated June 24, 2019, contained the statement: "Aetna Life Insurance Company as administered by the Hartford" at the bottom of the letter.

24. Upon information and belief, The Hartford acquired AETNA's group life and disability business through a reinsurance transaction in 2017.

25. Upon information and belief, The Hartford became responsible for administering Plaintiff's disability insurance claim with AETNA.

26. In or about September 2018, Defendant's agent, ALLSUP, determined that given Mr. Dennis' conditions, he was a candidate for Social Security Disability benefits ("SSDI") under the Social Security Administration ("SSA") rules.

27. According to the SSA, the term "disabled" means the individual is unable to engage "in any substantial gainful occupation," meaning the individual is completely unable to work in any occupation on a regular basis. *See* 42 U.S.C. § 423(d)(1)(A).

28. Defendant required Mr. Dennis to apply for SSDI benefits. Mr. Dennis complied and submitted his application for SSDI benefits.

29. Subsequently, the SSA determined that Mr. Dennis was disabled under the SSA criteria, as he is unable to engage in in any substantial gainful occupation due to progressive dementia, post concussion syndrome, spondylosis of the lumbar and cervical spine, hypertension, uncontrolled diabetes, and hyperlipidemia resulting in severe cognitive impairments, disorientation, dizziness, a loss of equilibrium, difficulty finding words and calculating numbers, memory loss, confusion, mood swings, irritability, headaches, and chronic back, hip, neck, and head pain.

30. Defendant asserted that Mr. Dennis' monthly Social Security Disability ("SSDI") benefits were an offset to his monthly AETNA disability benefits and began deducting same from his AETNA monthly disability benefits.

31. Defendant also asserted that due to Mr. Dennis's SSDI award, Mr. Dennis was overpaid $42,800. Accordingly, Defendant began withholding Mr.

Dennis' offset monthly AETNA disability benefits to recoup the alleged overpayment in or about August 2020.

32. Defendant unilaterally scheduled a medical evaluation for Mr. Dennis in Florida on August 19, 2020.

33. However, Mr. Dennis was not in Florida at the time of the unilaterally scheduled evaluation. He informed Defendant that he was in Oklahoma with relatives. Accordingly, Defendant cancelled its unilaterally scheduled evaluation.

34. Defendant unilaterally scheduled a medical evaluation for December 21, 2020 in Sarasota, Florida.

35. Mr. Dennis was sent a letter informing him that the evaluation was to take place from 9:30 am to 3:30 pm in a medical complex.

36. On or about December 12, 2020, the Food and Drug Administration authorized the first Covid-17 vaccine for emergency use.

37. Given the Covid-19 pandemic and Mr. Dennis' pre-existing conditions and age, which rendered him particularly vulnerable to Covid-19, Mr. Dennis was concerned about attending an all-day evaluation in a busy medical complex. Accordingly, on or about December 16, 2020, Mr. Dennis contacted the evaluator's office, asked about its Covid-19 protocol and expressed his concerns. He was informed that he could reschedule given the pandemic. Mr. Dennis explained that he intended to attend the evaluation but, would like to be vaccinated against Covid-19 given his increased risk factors. Mr. Dennis provided that given his pre-existing conditions, he

hoped to be eligible for the Covid-19 vaccine expeditiously and hoped to be able to reschedule his evaluation the following month in January 2021.

38. On or about December 18, 2020, Defendant was informed by its hired evaluator that due to his Covid-19 concerns, Mr. Dennis wanted to reschedule his evaluation and hoped to be able to attend an evaluation in January 2021.

39. In a letter dated December 21, 2020, Defendant terminated Mr. Dennis' claim and the sole rationale listed was that Mr. Dennis requested that his December 21, 2020 evaluation be rescheduled.

40. Mr. Dennis appealed Defendant's termination of his AETNA disability insurance claim in a letter dated February 27, 2021. He explained that he was not refusing to attend an evaluation. He explained that given his compromised health, he was concerned about attending an all-day evaluation during the Covid-19 pandemic. Mr. Dennis explained that he would attend an evaluation when the Covid-19 pandemic was under control or when he was able to get his Covid-19 vaccination.

41. In a letter dated March 12, 2021 Defendant upheld the termination of Mr. Dennis' claim and the sole rationale listed was that Mr. Dennis requested the unilaterally scheduled December 21, 2020 evaluation to be rescheduled and did not attend the evaluation.

42. Defendant has failed and refused to pay benefits to Mr. Dennis his monthly AETNA disability benefits, despite the fact that Mr. Dennis has satisfied all conditions precedent to entitle him to payment of disability benefits.

43. Mr. Dennis has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I

### Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. §1132 (a)(1)(B)

44. Plaintiff, Mr. Dennis, hereby incorporates by reference all of the allegations contained in paragraphs **1 through 43** of this Complaint, as if they were specifically recited herein.

45. Under the terms of the Plan, Defendant agreed to provide Mr. Dennis with disability insurance benefits if he became disabled in accordance with the terms and conditions set forth within the Plan.

46. On or about July 23, 2018, Mr. Dennis became disabled in accordance with the terms and conditions set forth in the Plan.

47. On or about December 21, 2020, Defendant wrongfully terminated Mr. Dennis' AETNA disability insurance claim and has failed and refused to pay Mr. Dennis the disability benefits set for in the Plan.

48. Mr. Dennis has not refused to attend a reasonably scheduled evaluation by a medical professional chosen by Defendant.

49. Mr. Dennis has satisfied all conditions precedent under the Plan and is thus eligible to receive benefits for he has not waived or otherwise relinquished his entitlement to benefits.

50. Defendant's, denial of disability benefits to Mr. Dennis was and is contrary to and in breach of the terms of the Plan, and was and is contrary to clear, compelling and substantial medical evidence, vocational evidence, and other evidence and information that supports Mr. Dennis' disability claim.

51. In accordance with *Firestone Tire & Rubber Co. v Bruch,* 489 U.S. 101, 109, 109 S. Ct. 948, 953, 103 L. Ed. 2d 80 (1989), this Court should review this action under a *de novo* standard of review.

52. Defendant's claim denial is wrong, unreasonable, and tainted by conflict, as it is contrary to and in breach of the terms of the Plan, and is based on unfair claims handling including blatant misrepresentations regarding the facts of Mr. Dennis' claim and Plan requirements.

53. Accordingly, Plaintiff, Mr. Dennis, is and was entitled to disability benefits since December 2020, minus any offsets.

54. Each monthly benefit owed to Plaintiff, Mr. Dennis, is a liquidated sum, and became liquidated on the date the payment was due and payable.

55. Accordingly, Plaintiff, Mr. Dennis, is entitled to pre-judgment interest on each such payment.

56. Defendant's decisions to deny Mr. Dennis' disability benefit claim was wrong, unreasonable, and influenced by its financial conflict of interest that arises from

Defendant paying claims under the Plan from its own general assets while also making the final determination to pay or deny claims under the Plan and being a for-profit corporation, and Defendant has failed to apply the provisions of the Plan consistently with respect to similarly situated Plan participants/claimants.

57. Furthermore, Defendant has failed to afford Mr. Dennis a full and fair review and subjected Mr. Dennis to an unreasonable claims process according to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

58. As a direct result of Defendant's actions and inactions, Mr. Dennis has incurred significant costs and attorney's fees.

59. Accordingly, Plaintiff, Mr. Dennis, is entitled to recover reasonable costs and attorneys' fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHERFORE, Plaintiff, Mr. Dennis, prays that this Honorable Court grant him the following relief:

1) A declaratory judgment herein declaring:

   a. Plaintiff, Mr. Dennis, is disabled pursuant to the language and within the meaning of the Plan issued and insured by Defendant;

   b. Defendant is obligated to pay disability benefits to Plaintiff, Mr. Dennis, pursuant to the Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest thereon;

    c. Disgorgement of any profits or gain Defendant has obtained as a result of the wrongful action alleged in this Complaint and equitable distribution of any profits or gain to Plaintiff, Mr. Dennis;

    d. Plaintiff, Mr. Dennis, shall be afforded the return of any and all other employee benefits, and/or the financial relief from any benefits that Plaintiff, Mr. Dennis, lost or was forced to bear the costs of as a result of Defendant's claim denial/determination;

    e. Plaintiff, Mr. Dennis, shall be entitled to recoup all interest, costs, attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

    f. Plaintiff, Mr. Dennis, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) An award to Plaintiff, Mr. Dennis, for all benefits due to him under the terms of the Plan and due and owing since the denial of disability benefits by Defendant plus interest thereon;

3) An order by this Court for disgorgement of any profits or gain by Defendant as a result of the wrongful action(s) alleged herein, and an award to Plaintiff, Mr. Dennis, of an equitable distribution of any profits or gain as a result of this Court's order of disgorgement, and

4) An award to Plaintiff, Mr. Dennis, of his reasonable costs and attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

5) Such other and further relief as this Court may deem just and proper.

Respectfully submitted this 27th day of October 2021.

        DI LAW GROUP
        Attorneys for Plaintiff
        3201 W. Commercial Boulevard
        Suite 227
        Fort Lauderdale, Florida 33309
        Tel: (954) 989-9000
        Fax: (954) 989-9999

        /s/ Alicia Paulino-Grisham
        Alicia Paulino-Grisham
        Florida Bar No.: 0676926